1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIC GRIFFIN,                              )
                                          )
                                          )
            Plaintiff,                     )        2:10-cv-01204-KJD-PAL
                                          )
vs.                                       )
                                          )        **ORDER**
HARRY REID, *et al.*,                      )
                                          )
            Defendants.                    )
_____)/

          This is a prisoner civil rights action.  Plaintiff has failed to submit an application to proceed *in forma pauperis* on the required form.  *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2.  Instead, plaintiff has filed a document styled "motion to waive *in forma pauperis*" (docket #1).[1]  As set forth below, even in the absence of an application to proceed *in forma pauperis*, the court must dismiss the complaint with prejudice as factually frivolous.  The court now reviews the complaint, as well as a motion for counsel.

_____

    [1]The court notes that plaintiff asserts that he is being denied the proper *in forma pauperis* application forms.  Because, as will be discussed, plaintiff's complaint must be dismissed as delusional and factually frivolous, plaintiff's "motion to waive *in forma pauperis*" is rendered moot.

**I.  Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed an "emergency motion for counsel," seeking the appointment of counsel in this case (docket #2).  A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed together in making a finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these findings.  The court will not enter an order directing the appointment of counsel.  As discussed below, plaintiff's complaint must be dismissed with prejudice as factually frivolous.  Plaintiff's motion for the appointment of counsel is denied.

**II.  Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

1  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

2  Allegations in a *pro se* complaint are held to less stringent standards than formal

3  pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

4  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

5  Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

6  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

7  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

8  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

9  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

10  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate

11  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

12  judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

13  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

14  complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

15  that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

16  (9th Cir. 1995).

17  **III.  Instant Complaint**

18  Plaintiff, who is detained at the North Las Vegas Detention Center ("NLVDC"), has sued

19  United States Senator Harry Reid, unspecified federal judges, "Congressional Oversite Committee

20  Chairmen," and a public defender.  While difficult to decipher, plaintiff appears to allege that various

21  congressmen refused to help him "which caused Mr. Griffin to further be held captive, tortured and now

22  illegally detained," federal judges have "allowed fugitives to cover up evidence and endanger other

23  citizens and their kids with illegal kinds of weapons that senator Harry Reid knows that is being used

24  on Mr. Griffin," and the public defender refused to order proper medical testing by experts that would

25  show plaintiff was being held hostage and tortured during the time of the alleged crime and refused to

26  draft an affidavit showing how plaintiff's case was connected to the "People v. Rod Blagojevich matter,

1  showing how Mr. Griffin's case was connected to the corruption case and how President Obama's team

2  obstructed Mr. Griffin from filing an affidavit."

3          The court notes plaintiff's lengthy history as a litigant before this court.  Court records

4  indicate that plaintiff has filed at least twenty-five actions in this court, prior and subsequent to his

5  detention.  (*See, e.g., Griffin, et al. v. Steward, et al.*, 2:06-cv-00122-KJD-RJJ; *Griffin et al. v. Dept. of*

6  *Defence [sic] et al.*, 2:07-cv-01266-RLH-RJJ; *People of Iran et al. v. United States Department of*

7  *Justice, et al.*, 2:10-cv-00087-RCJ-PAL; *People of China et al. v. United States Department of Justice,*

8  *et al.*, 2:10-cv-00091-JCM-PAL).  Numerous complaints filed by plaintiff have been dismissed with

9  prejudice for setting forth fantastic and delusional claims that lack any tenable legal theory.  (*See, e.g.,*

10  *Griffin v. Bush*, 2:07-cv-00617-RCJ-GWF (dismissing with prejudice "based on an indisputably

11  meritless legal theory and frivolity" complaint that included allegations that President George W. Bush

12  was involved in injecting plaintiff's brain with chemicals used to place subliminal and hypnotic

13  messages into his brain causing torture and mind control) (docket #s 3, 7); *Griffin v. White House, et al.*,

14  2:08-cv-00303-RCJ-GWF (dismissing with prejudice "based on an indisputably meritless legal theory

15  and frivolity" complaint that included allegations that plaintiff was being held hostage by "voice to

16  skull/mkultra" an alleged biological weapon and that Dick Cheney "violated" him by not "informing

17  Senator Reid's office to aid plaintiff by removing the banned biological weapon") (docket #s 2, 4);

18  *Griffin v. Leavitt et al.*, 2:09-cv-00845-PMP-GWF (dismissing with prejudice as "fantastic, delusional,

19  and irrational" complaint that alleged torture by "Voice-to-Skull technology") (docket #s 5, 11); *Griffin*

20  *et al. v. Pro*, 2:09-cv-01126-RCJ-GWF (noting that plaintiff has filed numerous lawsuits with this court

21  alleging that he is being tortured by technological devices or chemicals that allow the government to

22  eavesdrop on plaintiff, and dismissing with prejudice as "fantastic, delusional and irrational" complaint

23  that included allegations that the court has covered up a "RICO Act crime" that resulted in several deaths

24  and the ongoing assault of plaintiff) (docket #s 5, 8)).

25          Here, lack of an application to proceed *in forma pauperis* notwithstanding, the court finds

26  that plaintiff's allegations are fantastic, delusional and irrational.  This complaint must be dismissed with

prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

**IV.  Conclusion**

        **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

        **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

        **IT IS FURTHER ORDERED** that plaintiff's motion to waive *in forma pauperis* (docket #1) is **DENIED**.

        **IT IS FURTHER ORDERED** that plaintiff's "emergency motion for counsel" (docket #2) is **DENIED**.

        **IT IS FURTHER ORDERED** that plaintiff's motion for change of venue (docket #3) is **DENIED**.

        **IT IS FURTHER ORDERED** that plaintiff's emergency motion for miscellaneous relief (docket #4) is **DENIED**.

        **IT IS FURTHER ORDERED** that plaintiff's emergency motion to dismiss competency hearing (docket #5) is **DENIED**.

        **IT IS FURTHER ORDERED** that plaintiff's motion to subpoena (docket #6) is **DENIED**.

        **IT IS FURTHER ORDERED** that plaintiff's emergency motion to hire an investigating team (docket #7) is **DENIED**.

        **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

        DATED:  August 9, 2010.

_____

UNITED STATES DISTRICT JUDGE